IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIANNA STRINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *vs.* | ) | Cause No. 1:22-cv-817 |
| | ) | |
| CARMEL CLAY SCHOOLS; BOARD | ) | |
| OF SCHOOL TRUSTEES OF | ) | |
| CARMEL CLAY SCHOOLS, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT FOR DAMAGES AND
DEMAND FOR TRIAL BY JURY**

Plaintiff Dianna Stringham, by counsel, for her *Verified Complaint for Damages and Demand for Trial by Jury*, states as follows:

## I.      INTRODUCTION

1.      This is an action brought by DIANNA STRINGHAM ("Mrs. Stringham") against Defendants CARMEL CLAY SCHOOLS and BOARD OF SCHOOL TRUSTEES OF CARMEL CLAY SCHOOLS (collectively "Carmel"), between which parties there was an employment relationship. Carmel violated the equal protection and due process guarantees under the United States Constitution (42 U.S.C. § 1983) and Indiana Constitution when it discriminated against, retaliated against, and terminated Mrs. Stringham.[1]

---

[1] Mrs. Stringham has a Charge pending with the Equal Employment Opportunity Commission (EEOC) for discrimination, retaliation, and creation of a hostile work environment on the basis of her race, sex, and national origin (Charge No. 470-2022-01401). Mrs. Stringham will amend this Complaint to include these discrimination and retaliation claims when the EEOC issues its Notice of Right to Sue.

## II.   <u>JURISDICTION</u>

2.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1367.

3.     The equal protection and due process claims are authorized and instituted pursuant to 42 U.S.C. § 1983.

4.     The state law claims are authorized and instituted pursuant to 28 U.S.C. § 1367.

5.     Jurisdiction to grant injunctive and declaratory equitable relief as well as to award damages is invoked pursuant to 42 U.S.C. § 1983.

6.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## III.   <u>VENUE</u>

7.     Mrs. Stringham is a resident of Hamilton County in the State of Indiana, and is a citizen of the United States of America.

8.     Carmel Clay Schools is a school corporation located in Carmel, Hamilton County, Indiana.

9.     The Board of School Commissioners of Carmel Clay Schools is the governing body of Carmel Clay Schools located in Carmel, Hamilton County, Indiana.

10.     The unlawful employment practices alleged herein arose in Hamilton County, Indiana. Hamilton County is located in the Southern District of Indiana.

11.     Thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the defendant resides or in which the cause of action arose.

## IV.   PLAINTIFF

12.     Mrs. Stringham is a citizen of the United States, and is currently, as she was during all times relevant to this Complaint, a resident of Hamilton County in the State of Indiana.

13.     Mrs. Stringham resides in Westfield, Indiana.

## V.   DEFENDANT

14.     Defendant Carmel Clay Schools is a school corporation located in Carmel, Hamilton County, Indiana.

15.     Defendant The Board of School Commissions of Carmel Clay Schools is the governing body of Carmel Clay Schools.

16.     At all times relevant to this action, Carmel employed Mrs. Stringham.

## VI.   STATEMENT OF FACTS

17.     Mrs. Stringham loyally served as a counselor for almost eight (8) years at Carmel from 2014 to the present, 2022.

18.     From 2014 to 2021, Ms. Stringham was always rated as Highly Effective or Effective on her evaluations.

19.     Mrs. Stringham is Hispanic.

20.     She is the only non-Caucasian in the counseling department.

21.     Mrs. Stringham is homosexual.

22.     On or about September 1, 2020, Mrs. Stringham filed a Report of Discrimination and/or Harassment against Rachel Cole, the Director of Counseling for Carmel High School.

23.     Mrs. Stringham felt like Mrs. Cole was targeting her because she was homosexual and because she was Hispanic.

24.     Ms. Cartwright told Mrs. Stringham that "things changed after [Ms. Cartwright] started dating women."

25.     She also told Mrs. Stringham that she felt like Mrs. Cole was targeting Ms. Cartwright because she was gay.

26.     Mrs. Cole also stated to Ms. Cartwright: "Can you believe Stringham is married to a woman? That is weird."

27.     When Ms. Cartwright spoke to Mrs. Stringham about Mrs. Cole and her concerns, she was terrified, and she did not want Mrs. Cole to know she was in the office talking to Mrs. Stringham.

28.     On September 10, 2020, Mrs. Stringham was placed on her first improvement plan.

29.     This was the first improvement plan Mrs. Stringham had ever been placed on.

30.     Mrs. Stringham did not believe she should be placed on an improvement plan.

31.     Mrs. Stringham did not agree with it because she had been highly effective every year.

32.     For Mrs. Stringham's 2020-2021 evaluation, Mrs. Cole initially gave Mrs. Stringham a "Needs Improvement."

33.     This was nonsensical as Mrs. Stringham had received "Highly Effective" in ten (10) of the evaluation categories, and "Effective" in four (4) of the evaluation categories.

34.     Mrs. Stringham received no "Improvement Necessary" or "Ineffective" on her 2020-2021 evaluation.

35.     Dr. Thomas Oestreich, the Assistant Superintendent of Carmel, directed Mrs. Cole to change it from "Needs Improvement" to "Effective" as there was no evidence to support a "Needs Improvement."

36.     Mrs. Stringham was placed on a second improvement plan in July of 2021.

37.     On September 5, 2021, Mrs. Stringham received twenty-four (24) artifacts.

38.     On September 22, 2021, Mrs. Stringham received two (2) artifacts.

39.     On September 29, 2021, Mrs. Stringham received three (3) artifacts.

40.     On October 10, 2021, Mrs. Stringham received two (2) artifacts.

41.     Thus, in four (4) days, Mrs. Stringham received thirty-one (31) artifacts.

42.     Artifacts are used and/or considered with a teacher's evaluation.

43.     The artifacts are also used for performance purposes.

44.     Prior to Mrs. Stringham receiving artifacts/write-ups in 2021 and 2022, she had never received any artifacts and/or write-ups.

45.     After receiving these thirty-one (31) artifacts, Mrs. Stringham went on medical leave on October 11, 2021.

46.     Mrs. Stringham went on medical leave because she was suicidal, stressed, anxious, and depressed because of Mrs. Cole's treatment of her.

47.     Mrs. Stringham filed a second Report of Discrimination and/or Harassment against Mrs. Cole on January 3, 2022.

48.     Mrs. Stringham never received a decision relating to her second complaint of discrimination.

49.     Mrs. Stringham returned to work after her medical leave on January 11, 2022.

50.    When Mrs. Stringham returned to school, she was placed on another improvement plan.

51.    Again, Mrs. Stringham did not believe that she should be placed on a third improvement plan.

52.    No other counselors at Carmel High School had ever been placed on an improvement plan.

53.    On January 23, 2022, Mrs. Stringham received twenty-nine (29) artifacts.

54.    Thus, in a total of five (5) days, Ms. Stringham received sixty (60) total artifacts.

55.    The most artifacts any other counselor ever had was two (2) or three (3) artifacts.

56.    No counselor had ever received sixty (60) or more artifacts.

57.    Indeed, Dr. Oestreich testified that no employee at Carmel had ever received sixty (60) or more artifacts in a matter of thirty-five (35) days.

58.    Although other counselors had made errors, Mrs. Cole did not submit artifacts for these counselors when an error was made.

59.    Other counselors had also had issues with their audits, but these counselors were not placed on an improvement plan.

60.    Mrs. Stringham is the only counselor to whom Mrs. Cole has provided negative feedback.

61.    As part of Mrs. Stringham's licensing to become a Mental Health Counselor, she needed Mrs. Cole to sign a form or provide verification of Mrs. Stringham's employment as a counselor on Carmel letterhead.

62.    Mrs. Cole refused to sign it.

63.     After Mrs. Cole initially refused to sign the forms, Mrs. Stringham went to Mrs. Cole's office to explain what needed to be done for the forms.

64.     Mrs. Stringham explained that the State of Indiana merely needed verification that Mrs. Stringham had been a professional school counselor for the past 7 ½ years at Carmel High School.

65.     Mrs. Cole still refused to sign the form.

66.     Mrs. Stringham asked her to call the State so that they could explain to Mrs. Cole what was needed.

67.     Again, Mrs. Cole refused.

68.     Mrs. Stringham asked her to put the needed information on Carmel letterhead, but Mrs. Cole refused.

69.     Mrs. Stringham stated that Mrs. Cole's tone was aggressive.

70.     Mrs. Stringham never leaned over the desk as Mrs. Cole claimed.

71.     Mrs. Stringham believes that others heard the conversation because the walls are thin.

72.     Mrs. Stringham stated that the walls were so thin, others could hear people sneeze while they were in different offices.

73.     Indeed, the walls in the Carmel High School Counseling Department are so thin that each counselor was issued a white noise machine to drown out any noise.

74.     On January 31, 2022, Mrs. Stringham was placed on paid administrative leave.

75.     No reasons for this paid administrative leave were given in writing.

76.     On February 4, 2022, Mrs. Stringham received a *Notice of Preliminary Decision & Statement of Your Conference and Conference/Hearing Rights*.

77.     The *Notice* listed only two (2) reasons for the proposed cancellation of Mrs. Stringham's teaching contract:

- Your unprofessional behavior directed towards your supervisor on January 28, 2022 where you were yelling loudly at her about a form you demanded she sign, when the assistant superintendent already communicated with you that any questions should be directed to him about the topic.
- You [sic] continued job performance that falls below what we expect out of our counselors at Carmel High School. You continue to make errors in your role as a counselor that impacts other staff and students.

78.     Although the letter was purportedly signed by Dr. Thomas Harmas, the Carmel High School Principal, Dr. Harmas was not present to confirm that he signed and issued the *Notice*.

79.     For the alleged incident on January 28, 2022, Carmel never reminded Mrs. Stringham to "remain civil and be respectful and courteous to others" contrary to Carmel's own *Civility and Decorum* policy.

80.     Carmel also never attempted to progressively discipline Mrs. Stringham for the alleged incident on January 28, 2022.

81.     Again, this was contrary to Carmel's own *Civility and Decorum* policy.

82.     On February 8, 2022, Mrs. Stringham timely requested a conference with the Superintendent.

83.     On February 24, 2022, a private conference between Mrs. Stringham and Dr. Beresford was held.

84.     On February 28, 2022, Mrs. Stringham timely requested a private conference with the Board.

85.     On March 1, 2022, Dr. Beresford affirmed the *Notice of Preliminary Decision & Statement of Your Conference and Conference/Hearing Rights*.

86.     On March 15, 2022, a private conference was held with the Board.

87.     On March 28, 2022, the Board issued its *Findings of Fact, Conclusions of Law and Decision*. A copy of the *Findings of Fact, Conclusions of Law and Decision* is attached as "Exhibit 1."

## STATEMENT OF CLAIMS

### COUNT I
*(Carmel's Decision to Terminate Mrs. Stringham was Arbitrary and Capricious in Violation of the 14th Amendment to the U.S. Constitution)*

88.     Mrs. Stringham incorporates the allegations of paragraphs 1 through 87 above and, in addition, states that Carmel's decision to terminate her teaching contract was arbitrary and capricious in violation of the Fourteenth Amendments to the U.S. Constitution, actionable under 42 U.S.C. § 1983.

89.     Mrs. Stringham suffered the deprivation of her rights, liberties and immunities as secured and guaranteed under the Constitution and Laws of the United States of America and the State of Indiana.

90.     The arbitrary and capricious decision to terminate Mrs. Stringham's teaching contract was in direct violation of Mrs. Stringham's constitutional rights and guarantees as secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Right to Due Course of Law under Article I, Section 12 of the Indiana Constitution.

91.     The decision to terminate Mrs. Stringham's teaching contract was so arbitrary and so capricious as to violate Mrs. Stringham's constitutional right to substantive due process

as secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

92.     Furthermore, Mrs. Stringham was treated differently than other non-homosexual Carmel employees, violating Mrs. Stringham's right to Equal Protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 23 of the Indiana Constitution.

93.     At all times relevant herein, Carmel was acting under the color of state law. Mrs. Stringham has suffered and will continue to suffer damages because of Carmel's unconstitutional actions.

## COUNT II
*(Petition for Review Pursuant to Ind. Code § 4-21.5-5-14)*

94.     Mrs. Stringham incorporates the allegations of paragraphs 1 through 93 above and, in addition, states that Carmel's decision to terminate Mrs. Stringham's teaching contract at Carmel was arbitrary, capricious, an abuse of discretion; contrary to constitutional right, power, privilege, or immunity; and unsupported by substantial evidence.

95.     Pursuant to Ind. Code §4-21.5-5-14, "the court shall grant relief . . . if it determines that a person seeking judicial relief has been prejudiced by an agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity…or (5) unsupported by substantial evidence."

96.     The issues for determination by Carmel were whether Mrs. Stringham committed "insubordination," "incompetence," "neglect of duty" and "other good and just cause" with her alleged unprofessional behavior directed towards her supervisor on January

28, 2022 and/or with her job performance that allegedly fell below what was expected of Carmel High School counselors.

97.     Carmel had to prove by a preponderance of the evidence that Mrs. Stringham committed "insubordination," "incompetence," "neglect of duty" and "other good and just cause."

98.     Carmel had to prove by a preponderance of the evidence that Mrs. Stringham engaged in unprofessional behavior directed towards her supervisor on January 28, 2022 and/or that her job performance fell below what was expected of Carmel High School counselors.

99.     Carmel has failed to meet its burden of proof regarding its claim of "insubordination" pursuant to Ind. Code § 20-28-7.5-1(e)(2) by failing to present evidence that Mrs. Stringham willfully refused to obey state school laws or reasonable rules adopted by the Carmel. The evidence presented does not meet the legal standard required under Ind. Code § 20-28-7.5-1-(e)(2) because Mrs. Stringham did not "willfully" violate such a law, rule or policy.

100.     Indeed, Carmel failed to provide any evidence whatsoever that Mrs. Stringham willfully refused to obey state school laws or reasonable rules adopted by Carmel. No state school law or reasonable rule were presented to Carmel.

101.     Carmel failed to meet its burden of proof regarding its claim of "incompetence" pursuant to Ind. Code § 20-28-7.5-1(e)(3) by failing to present evidence that Mrs. Stringham "receiv[ed] an ineffective designation on two (2) consecutive performance evaluations or an ineffective designation or improvement necessary rating under IC 20-28-11.5 for three (3) years of any five (5) year period."

102.    Indeed, Mrs. Stringham never received **any** ineffective and/or improvement necessary designations during her entire tenure at Carmel High School. In Mrs. Stringham's entire tenure at Carmel High School, she only received "Highly Effective" or "Effective" designations:

- 2014-2015: Effective;

- 2015-2016: Highly Effective;

- 2016-2017: Highly Effective;

- 2017-2018: Highly Effective;

- 2018-2019: Highly Effective;

- 2019-2020: Highly Effective; and

- 2020-2021: Effective.

103.    Carmel failed to meet its burden of proof regarding its claim of "neglect of duty" pursuant to Ind. Code § 20-28-7.5-1(e)(5) by failing to present evidence that Mrs. Stringham engaged in unprofessional behavior directed towards her supervisor on January 28, 2022 and/or that her job performance fell below what was expected of Carmel High School counselors. The evidence presented does not meet the legal standard required under Ind. Code § 20-28-7.5-1(e)(5) because Mrs. Stringham did not engage in unprofessional behavior nor did her job performance fall below what was expected of Carmel High School counselors.

104.    Indeed, Mrs. Stringham always received Highly Effective or Effective evaluations. Mrs. Cole only placed Mrs. Stringham on multiple improvement plans in retaliation for Mrs. Stringham filing two (2) complaints against Mrs. Cole alleging discrimination on the basis of sexual orientation and race and/or national origin. These

multiple improvement plans and sixty (60) artifacts only came **after** Mrs. Stringham filed her complaints of discrimination and retaliation.

105.    The administration has failed to meet its burden of proof regarding its claim of "other good and just cause" pursuant to Ind. Code § 20-28-7.5-1(e)(7) by failing to present evidence that Mrs. Stringham engaged in unprofessional behavior directed towards her supervisor on January 28, 2022 and/or that her job performance fell below what was expected of Carmel High School counselors.  The evidence presented did not meet the legal standard required under Ind. Code § 20-28-7.5-1(e)(7) because Mrs. Stringham did not engage in unprofessional behavior nor did her job performance fall below what was expected of Carmel High School counselors.

106.    Indeed, Mrs. Stringham always received Highly Effective or Effective evaluations. Mrs. Cole only placed Mrs. Stringham on multiple improvement plans in retaliation for Mrs. Stringham filing two (2) complaints against Mrs. Cole alleging discrimination on the basis of sexual orientation and race and/or national origin. These multiple improvement plans and sixty (60) artifacts only came **after** Mrs. Stringham filed her complaints of discrimination and retaliation.

107.    Carmel failed to present evidence that Mrs. Stringham's alleged conduct constituted "insubordination," "incompetence," "neglect of duty" and/or "other good and just cause" amounting to a terminable offense.

108.    Mrs. Stringham always received Highly Effective or Effective evaluations. Mrs. Cole only placed Mrs. Stringham on multiple improvement plans in retaliation for Mrs. Stringham filing two (2) complaints against Mrs. Cole alleging discrimination on the basis of sexual orientation and race and/or national origin. These multiple improvement plans and

sixty (60) artifacts only came **after** Mrs. Stringham filed her complaints of discrimination and retaliation.

109.    By violating federal law – namely by Carmel and Mrs. Cole discriminating against and retaliating against Mrs. Stringham – Mrs. Stringham's contract should not have been terminated.

110.    Based the arbitrary and capricious decision by Carmel and based on this lack of evidence, the Board's termination of Mrs. Stringham's teaching contract should be reversed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dianna Stringham prays for a judgment in her favor against Defendants Carmel Clay Schools and Board of School Trustees of Carmel Clay Schools, and prays that the following relief be awarded:

(a)    Order Defendant to make whole Mrs. Stringham by providing appropriate back pay and front pay for actual damages with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to Mrs. Stringham's pecuniary losses.

(b)    Order Defendant to make whole Mrs. Stringham by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

(c)    Order Defendant to make whole Mrs. Stringham by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

(d)    Order Defendant to pay Mrs. Stringham punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

(e)    Order Defendant to pay Mrs. Stringham special damages, in amounts to be determined at trial.

(f)     Order Defendant to pay damages to Mrs. Stringham for any and all injuries to her career, in amounts to be determined at trial.

(g)     Award Mrs. Stringham the costs of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper and equitable.

(h)     Grant such further relief as the Court deems necessary and proper in the public interest.

## RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff Dianna Stringham reserves the right to assert additional violations of federal and state law.

## JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jamie A. Maddox*
Sandra L. Blevins, Attorney No. 19646-49
Jamie A. Maddox, Attorney No. 26522-49
Chad H. Holler, Atty. No. 35253-49
*Attorneys for Plaintiff Dianna Stringham*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana  46204
Office:  (317) 687-2222
Fax:  (317) 687-2221
E-mail:  litigation@betzadvocates.com

## **VERIFICATION BY DIANNA STRINGHAM**

I affirm, under the penalties for perjury, that the factual representations in the

foregoing *Verified Complaint for Damages and Demand for Trial by Jury* are true and correct.


*s/ Dianna Stringham*
Dianna Stringham

16