IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIANNA STRINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *vs.* | ) | Cause No. 1:22-cv-00817-TWP-MG |
| | ) | |
| CARMEL CLAY SCHOOLS; and | ) | |
| BOARD OF SCHOOL TRUSTEES | ) | |
| OF CARMEL CLAY SCHOOLS, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff Dianna Stringham, by counsel, for her *Verified Amended Complaint for Damages and Demand for Trial by Jury*, states as follows:

## I.  INTRODUCTION

1.     This is an action brought by DIANNA STRINGHAM ("Mrs. Stringham") against Defendants CARMEL CLAY SCHOOLS and BOARD OF SCHOOL TRUSTEES OF CARMEL CLAY SCHOOLS (collectively "Carmel"), between which parties there was an employment relationship. Carmel violated the equal protection and due process guarantees under the United States Constitution (42 U.S.C. § 1983) and Indiana Constitution when it discriminated against, retaliated against, and terminated Mrs. Stringham. Carmel also violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") by terminating Mrs. Stringham on the basis of her race, sex and national origin, as well as retaliating against her. Carmel also violated Mrs. Stringham's civil rights by subjecting her to a hostile work environment, a further violation of Title VII.

## II.  EEOC COMPLIANCE

2.     Mrs. Stringham exhausted all of the administrative proceedings available to her by timely filing a Charge of Discrimination on the basis of race and/or national origin, and sex, which

<span style="color:red">**EXHIBIT A**</span>

includes her sexual orientation, with the U.S. Equal Employment Opportunity Commission ("EEOC").

3.     Mrs. Stringham filed her Charge of Discrimination with the EEOC on or about January 18, 2022, and subsequently filed an Amended Charge of Discrimination on or about February 25, 2022. A copy of Mrs. Stringham's Amended Charge is attached hereto and marked as Exhibit 1.

4.     Mrs. Stringham's Charge was timely filed in compliance with 29 U.S.C. § 626, 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

5.     Mrs. Stringham received a Dismissal and Notice of Rights on or about August 15, 2022. A true and accurate copy of the Dismissal and Notice of Rights is attached hereto and marked as Exhibit 2.

6.     This action was therefore timely filed within ninety (90) days of receipt by Stringham of the Dismissal and Notice of Rights.

### III. JURISDICTION

7.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1367 as well as 42 U.S.C. § 2000e-2.

8.     The equal protection and due process claims are authorized and instituted pursuant to 42 U.S.C. § 1983.

9.     The Title VII claims are authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

10.     The state law claims are authorized and instituted pursuant to 28 U.S.C. § 1367.

11.     Jurisdiction to grant injunctive and declaratory equitable relief as well as to award damages is invoked pursuant to 42 U.S.C. § 1983.

12.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## IV.     VENUE

13.     Mrs. Stringham is a resident of Hamilton County in the State of Indiana, and is a citizen of the United States of America.

14.     Carmel Clay Schools is a school corporation located in Carmel, Hamilton County, Indiana.

15.     The Board of School Commissioners of Carmel Clay Schools is the governing body of Carmel Clay Schools located in Carmel, Hamilton County, Indiana.

16.     The unlawful employment practices alleged herein arose in Hamilton County, Indiana. Hamilton County is located in the Southern District of Indiana.

17.     Thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the defendant resides or in which the cause of action arose.

## V.  PLAINTIFF

18.     Mrs. Stringham is a citizen of the United States, and is currently, as she was during all times relevant to this Complaint, a resident of Hamilton County in the State of Indiana.

19.     Mrs. Stringham resides in Westfield, Indiana.

## VI.     DEFENDANT

20.     Defendant Carmel Clay Schools is a school corporation located in Carmel, Hamilton County, Indiana.

21.     Defendant The Board of School Commissions of Carmel Clay Schools is the governing body of Carmel Clay Schools.

22.     At all times relevant to this action, Carmel employed Mrs. Stringham.

## VII.   <u>STATEMENT OF FACTS</u>

23.     Mrs. Stringham loyally served as a counselor for almost eight (8) years at Carmel from 2014 to the present, 2022.

24.     From 2014 to 2021, Ms. Stringham was always rated as Highly Effective or Effective on her evaluations.

25.     Mrs. Stringham is Hispanic.

26.     She is the only non-Caucasian in the counseling department.

27.     Mrs. Stringham is homosexual.

28.     On or about September 1, 2020, Mrs. Stringham filed a Report of Discrimination and/or Harassment against Rachel Cole, the Director of Counseling for Carmel High School.

29.     Mrs. Stringham felt like Mrs. Cole was targeting her because she was homosexual and because she was Hispanic.

30.     Ms. Cartwright told Mrs. Stringham that "things changed after [Ms. Cartwright] started dating women."

31.     She also told Mrs. Stringham that she felt like Mrs. Cole was targeting Ms. Cartwright because she was gay.

32.     Mrs. Cole also stated to Ms. Cartwright: "Can you believe Stringham is married to a woman? That is weird."

33.     When Ms. Cartwright spoke to Mrs. Stringham about Mrs. Cole and her concerns, she was terrified, and she did not want Mrs. Cole to know she was in the office talking to Mrs. Stringham.

34.     On September 10, 2020, Mrs. Stringham was placed on her first improvement plan.

35.     This was the first improvement plan Mrs. Stringham had ever been placed on.

36.     Mrs. Stringham did not believe she should be placed on an improvement plan.

37.     Mrs. Stringham did not agree with it because she had been highly effective every year.

38.     For Mrs. Stringham's 2020-2021 evaluation, Mrs. Cole initially gave Mrs. Stringham a "Needs Improvement."

39.     This was nonsensical as Mrs. Stringham had received "Highly Effective" in ten (10) of the evaluation categories, and "Effective" in four (4) of the evaluation categories.

40.     Mrs. Stringham received no "Improvement Necessary" or "Ineffective" on her 2020-2021 evaluation.

41.     Dr. Thomas Oestreich, the Assistant Superintendent of Carmel, directed Mrs. Cole to change it from "Needs Improvement" to "Effective" as there was no evidence to support a "Needs Improvement."

42.     Mrs. Stringham was placed on a second improvement plan in July of 2021.

43.     On September 5, 2021, Mrs. Stringham received twenty-four (24) artifacts.

44.     On September 22, 2021, Mrs. Stringham received two (2) artifacts.

45.     On September 29, 2021, Mrs. Stringham received three (3) artifacts.

46.     On October 10, 2021, Mrs. Stringham received two (2) artifacts.

47.     Thus, in four (4) days, Mrs. Stringham received thirty-one (31) artifacts.

48.     Artifacts are used and/or considered with a teacher's evaluation.

49.     The artifacts are also used for performance purposes.

50.     Prior to Mrs. Stringham receiving artifacts/write-ups in 2021 and 2022, she had never received any artifacts and/or write-ups.

51.     After receiving these thirty-one (31) artifacts, Mrs. Stringham went on medical leave on October 11, 2021.

52.     Mrs. Stringham went on medical leave because she was suicidal, stressed, anxious, and depressed because of Mrs. Cole's treatment of her.

53.     Mrs. Stringham filed a second Report of Discrimination and/or Harassment against Mrs. Cole on January 3, 2022.

54.     Mrs. Stringham never received a decision relating to her second complaint of discrimination.

55.     Mrs. Stringham returned to work after her medical leave on January 11, 2022.

56.     When Mrs. Stringham returned to school, she was placed on another improvement plan.

57.     Again, Mrs. Stringham did not believe that she should be placed on a third improvement plan.

58.     No other counselors at Carmel High School had ever been placed on an improvement plan.

59.     On January 23, 2022, Mrs. Stringham received twenty-nine (29) artifacts.

60.     Thus, in a total of five (5) days, Ms. Stringham received sixty (60) total artifacts.

61.     The most artifacts any other counselor ever had was two (2) or three (3) artifacts.

62.     No counselor had ever received sixty (60) or more artifacts.

63.     Indeed, Dr. Oestreich testified that no employee at Carmel had ever received sixty (60) or more artifacts in a matter of thirty-five (35) days.

64.     Although other counselors had made errors, Mrs. Cole did not submit artifacts for these counselors when an error was made.

65.     Other counselors had also had issues with their audits, but these counselors were not placed on an improvement plan.

66.     Mrs. Stringham is the only counselor to whom Mrs. Cole has provided negative feedback.

67.     As part of Mrs. Stringham's licensing to become a Mental Health Counselor, she needed Mrs. Cole to sign a form or provide verification of Mrs. Stringham's employment as a counselor on Carmel letterhead.

68.     Mrs. Cole refused to sign it.

6

69. After Mrs. Cole initially refused to sign the forms, Mrs. Stringham went to Mrs. Cole's office to explain what needed to be done for the forms.

70. Mrs. Stringham explained that the State of Indiana merely needed verification that Mrs. Stringham had been a professional school counselor for the past 7 ½ years at Carmel High School.

71. Mrs. Cole still refused to sign the form.

72. Mrs. Stringham asked her to call the State so that they could explain to Mrs. Cole what was needed.

73. Again, Mrs. Cole refused.

74. Mrs. Stringham asked her to put the needed information on Carmel letterhead, but Mrs. Cole refused.

75. Mrs. Stringham stated that Mrs. Cole's tone was aggressive.

76. Mrs. Stringham never leaned over the desk as Mrs. Cole claimed.

77. Mrs. Stringham believes that others heard the conversation because the walls are thin.

78. Mrs. Stringham stated that the walls were so thin, others could hear people sneeze while they were in different offices.

79. Indeed, the walls in the Carmel High School Counseling Department are so thin that each counselor was issued a white noise machine to drown out any noise.

80. On January 31, 2022, Mrs. Stringham was placed on paid administrative leave.

81. No reasons for this paid administrative leave were given in writing.

82. On February 4, 2022, Mrs. Stringham received a *Notice of Preliminary Decision & Statement of Your Conference and Conference/Hearing Rights*.

83. The *Notice* listed only two (2) reasons for the proposed cancellation of Mrs. Stringham's teaching contract:

- Your unprofessional behavior directed towards your supervisor on January 28, 2022 where you were yelling loudly at her about a form you demanded she sign, when the assistant superintendent already communicated with you that any questions should be directed to him about the topic.
- You [sic] continued job performance that falls below what we expect out of our counselors at Carmel High School. You continue to make errors in your role as a counselor that impacts other staff and students.

84.     Although the letter was purportedly signed by Dr. Thomas Harmas, the Carmel High School Principal, Dr. Harmas was not present to confirm that he signed and issued the *Notice*.

85.     For the alleged incident on January 28, 2022, Carmel never reminded Mrs. Stringham to "remain civil and be respectful and courteous to others" contrary to Carmel's own *Civility and Decorum* policy.

86.     Carmel also never attempted to progressively discipline Mrs. Stringham for the alleged incident on January 28, 2022.

87.     Again, this was contrary to Carmel's own *Civility and Decorum* policy.

88.     On February 8, 2022, Mrs. Stringham timely requested a conference with the Superintendent.

89.     On February 24, 2022, a private conference between Mrs. Stringham and Dr. Beresford was held.

90.     On February 28, 2022, Mrs. Stringham timely requested a private conference with the Board.

91.     On March 1, 2022, Dr. Beresford affirmed the *Notice of Preliminary Decision & Statement of Your Conference and Conference/Hearing Rights*.

92.     On March 15, 2022, a private conference was held with the Board.

93.     On March 28, 2022, the Board issued its *Findings of Fact, Conclusions of Law and Decision*. A copy of the *Findings of Fact, Conclusions of Law and Decision* is attached as "Exhibit 1."

## STATEMENT OF CLAIMS

### COUNT I
*(Carmel's Decision to Terminate Mrs. Stringham was Arbitrary and Capricious*
*in Violation of the 14th Amendment to the U.S. Constitution)*

94.     Mrs. Stringham incorporates the allegations of paragraphs 1 through 93 above and, in addition, states that Carmel's decision to terminate her teaching contract was arbitrary and capricious in violation of the Fourteenth Amendments to the U.S. Constitution, actionable under 42 U.S.C. § 1983.

95.     Mrs. Stringham suffered the deprivation of her rights, liberties and immunities as secured and guaranteed under the Constitution and Laws of the United States of America and the State of Indiana.

96.     The arbitrary and capricious decision to terminate Mrs. Stringham's teaching contract was in direct violation of Mrs. Stringham's constitutional rights and guarantees as secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Right to Due Course of Law under Article I, Section 12 of the Indiana Constitution.

97.     The decision to terminate Mrs. Stringham's teaching contract was so arbitrary and so capricious as to violate Mrs. Stringham's constitutional right to substantive due process as secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

98.     Furthermore, Mrs. Stringham was treated differently than other non-homosexual Carmel employees, violating Mrs. Stringham's right to Equal Protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 23 of the Indiana Constitution.

99.     At all times relevant herein, Carmel was acting under the color of state law. Mrs. Stringham has suffered and will continue to suffer damages because of Carmel's unconstitutional actions.

**COUNT II**

*(Petition for Review Pursuant to Ind. Code § 4-21.5-5-14)*

100.     Mrs. Stringham incorporates the allegations of paragraphs 1 through 99 above and, in addition, states that Carmel's decision to terminate Mrs. Stringham's teaching contract at Carmel was arbitrary, capricious, an abuse of discretion; contrary to constitutional right, power, privilege, or immunity; and unsupported by substantial evidence.

101.     Pursuant to Ind. Code §4-21.5-5-14, "the court shall grant relief . . . if it determines that a person seeking judicial relief has been prejudiced by an agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity…or (5) unsupported by substantial evidence."

102.     The issues for determination by Carmel were whether Mrs. Stringham committed "insubordination," "incompetence," "neglect of duty" and "other good and just cause" with her alleged unprofessional behavior directed towards her supervisor on January 28, 2022 and/or with her job performance that allegedly fell below what was expected of Carmel High School counselors.

103.     Carmel had to prove by a preponderance of the evidence that Mrs. Stringham committed "insubordination," "incompetence," "neglect of duty" and "other good and just cause."

104.     Carmel had to prove by a preponderance of the evidence that Mrs. Stringham engaged in unprofessional behavior directed towards her supervisor on January 28, 2022 and/or that her job performance fell below what was expected of Carmel High School counselors.

105.     Carmel has failed to meet its burden of proof regarding its claim of "insubordination" pursuant to Ind. Code § 20-28-7.5-1(e)(2) by failing to present evidence that Mrs. Stringham willfully refused to obey state school laws or reasonable rules adopted by the Carmel. The evidence presented does not meet the legal standard required under Ind. Code § 20-28-7.5-1-(e)(2) because Mrs. Stringham did not "willfully" violate such a law, rule or policy.

106. Indeed, Carmel failed to provide any evidence whatsoever that Mrs. Stringham willfully refused to obey state school laws or reasonable rules adopted by Carmel. No state school law or reasonable rule were presented to Carmel.

107. Carmel failed to meet its burden of proof regarding its claim of "incompetence" pursuant to Ind. Code § 20-28-7.5-1(e)(3) by failing to present evidence that Mrs. Stringham "receiv[ed] an ineffective designation on two (2) consecutive performance evaluations or an ineffective designation or improvement necessary rating under IC 20-28-11.5 for three (3) years of any five (5) year period."

108. Indeed, Mrs. Stringham never received **any** ineffective and/or improvement necessary designations during her entire tenure at Carmel High School. In Mrs. Stringham's entire tenure at Carmel High School, she only received "Highly Effective" or "Effective" designations:

- 2014-2015: Effective;

- 2015-2016: Highly Effective;

- 2016-2017: Highly Effective;

- 2017-2018: Highly Effective;

- 2018-2019: Highly Effective;

- 2019-2020: Highly Effective; and

- 2020-2021: Effective.

109. Carmel failed to meet its burden of proof regarding its claim of "neglect of duty" pursuant to Ind. Code § 20-28-7.5-1(e)(5) by failing to present evidence that Mrs. Stringham engaged in unprofessional behavior directed towards her supervisor on January 28, 2022 and/or that her job performance fell below what was expected of Carmel High School counselors. The evidence presented does not meet the legal standard required under Ind. Code § 20-28-7.5-1(e)(5) because Mrs. Stringham

did not engage in unprofessional behavior nor did her job performance fall below what was expected of Carmel High School counselors.

110.    Indeed, Mrs. Stringham always received Highly Effective or Effective evaluations. Mrs. Cole only placed Mrs. Stringham on multiple improvement plans in retaliation for Mrs. Stringham filing two (2) complaints against Mrs. Cole alleging discrimination on the basis of sexual orientation and race and/or national origin. These multiple improvement plans and sixty (60) artifacts only came **after** Mrs. Stringham filed her complaints of discrimination and retaliation.

111.    The administration has failed to meet its burden of proof regarding its claim of "other good and just cause" pursuant to Ind. Code § 20-28-7.5-1(e)(7) by failing to present evidence that Mrs. Stringham engaged in unprofessional behavior directed towards her supervisor on January 28, 2022 and/or that her job performance fell below what was expected of Carmel High School counselors. The evidence presented did not meet the legal standard required under Ind. Code § 20-28-7.5-1(e)(7) because Mrs. Stringham did not engage in unprofessional behavior nor did her job performance fall below what was expected of Carmel High School counselors.

112.    Indeed, Mrs. Stringham always received Highly Effective or Effective evaluations. Mrs. Cole only placed Mrs. Stringham on multiple improvement plans in retaliation for Mrs. Stringham filing two (2) complaints against Mrs. Cole alleging discrimination on the basis of sexual orientation and race and/or national origin. These multiple improvement plans and sixty (60) artifacts only came **after** Mrs. Stringham filed her complaints of discrimination and retaliation.

113.    Carmel failed to present evidence that Mrs. Stringham's alleged conduct constituted "insubordination," "incompetence," "neglect of duty" and/or "other good and just cause" amounting to a terminable offense.

114.    Mrs. Stringham always received Highly Effective or Effective evaluations. Mrs. Cole only placed Mrs. Stringham on multiple improvement plans in retaliation for Mrs. Stringham filing two (2) complaints against Mrs. Cole alleging discrimination on the basis of sexual orientation and

race and/or national origin. These multiple improvement plans and sixty (60) artifacts only came **after** Mrs. Stringham filed her complaints of discrimination and retaliation.

115. By violating federal law – namely by Carmel and Mrs. Cole discriminating against and retaliating against Mrs. Stringham – Mrs. Stringham's contract should not have been terminated.

116. Based the arbitrary and capricious decision by Carmel and based on this lack of evidence, the Board's termination of Mrs. Stringham's teaching contract should be reversed.

### COUNT III
*(Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964)*

117. Plaintiff incorporates the allegations in paragraphs 1 through 116 above, and, in addition, alleges that Carmel discriminated against Mrs. Stringham on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

118. Mrs. Stringham's race is Hispanic.

119. Mrs. Stringham was subjected to a number of adverse employment actions, including, but not limited to: being placed on a performance improvement plan in retaliation for filing a complaint of harassment and discrimination; being subjected to heightened scrutiny of her work; being ridiculed and harassed on a daily basis; being subjected to unfair disciplinary procedures; being subjected to a hostile work environment, and ultimately being terminated from Carmel.

120. Mrs. Stringham was qualified for her position as a Counselor with Carmel.

121. Similarly situated employees outside of Mrs. Stringham's protected class were not subjected to the same adverse employment actions when they engaged in the same conduct as Mrs. Stringham.

**COUNT IV**
*(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3)*

122.    Plaintiff incorporates the allegations in paragraphs 1 through 121 above, and, in addition, alleges that Carmel retaliated against Mrs. Stringham in violation of Title VII of the Civil Rights Act of 1964.

123.    Mrs. Stringham engaged in protected activity including, but not limited to, reporting and making complaints about race discrimination and harassment in October of 2020; this was protected activity.

124.    Because Mrs. Stringham complained about the discrimination and/or harassment against her, Carmel placed her on a performance improvement plan, papered her file with sixty (60) artifacts, and terminated her employment on March 28, 2022; this was adverse action by Carmel.

125.    Carmel retaliated against Mrs. Stringham for engaging in protected activity.

**COUNT V**
*(National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964)*

126.    Plaintiff incorporates the allegations in paragraphs 1 through 125 above, and, in addition, alleges that Carmel discriminated against Mrs. Stringham on the basis of her national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

127.    Mrs. Stringham's national origin is Mexican.

128.    Mrs. Stringham was subjected to a number of adverse employment actions, including, but not limited to: being placed on a performance improvement plant in retaliation for filing a complaint of harassment and discrimination; being subjected to heightened scrutiny of her work; being ridiculed and harassed on a daily basis; being subjected to unfair disciplinary procedures; being subjected to a hostile work environment, and ultimately being terminated from Carmel.

129.    Mrs. Stringham was qualified for her position as a Counselor with Carmel.

130.     Similarly situated employees outside of Mrs. Stringham's protected class were not subjected to the same adverse employment actions when they engaged in the same conduct as Mrs. Stringham.

## COUNT VI
*(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3)*

131.     Plaintiff incorporates the allegations in paragraphs 1 through 130 above, and, in addition, alleges that Carmel retaliated against Mrs. Stringham in violation of Title VII of the Civil Rights Act of 1964.

132.     Mrs. Stringham engaged in protected activity including, but not limited to, reporting and making complaints about national origin discrimination and harassment in October of 2020; this was protected activity.

133.     Because Mrs. Stringham complained about the discrimination and/or harassment against her, Carmel placed her on a performance improvement plan, papered her file with sixty (60) artifacts, and terminated her employment on March 28, 2022; this was adverse action by Carmel.

134.     Carmel retaliated against Mrs. Stringham for engaging in protected activity.

## COUNT VII
*(Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)*

135.     Mrs. Stringham incorporates the allegations of paragraphs 1 through 134 above and alleges that Carmel discriminated against Mrs. Stringham on the basis of her sex, which includes her sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

136.     Mrs. Stringham identifies as homosexual.

137.     Mrs. Stringham was subjected to a number of adverse employment actions, including, but not limited to: being placed on a performance improvement plant in retaliation for filing a complaint of harassment and discrimination; being subjected to heightened scrutiny of her work; being

ridiculed and harassed on a daily basis; being subjected to unfair disciplinary procedures; being subjected to a hostile work environment, and ultimately being terminated from Carmel.

138.    Mrs. Stringham was qualified for her position as a Counselor with Carmel.

139.    Similarly situated employees outside of Mrs. Stringham's protected class were not subjected to the same adverse employment actions when they engaged in the same conduct as Mrs. Stringham.

## COUNT VIII
*(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)*

140.    Mrs. Stringham incorporates the allegations of paragraphs 1 through 139 above and, in addition, alleges that Carmel retaliated against Mrs. Stringham in violation of Title VII of the Civil Rights Act of 1964.

141.    Mrs. Stringham engaged in protected activity including, but not limited to, reporting and making complaints about sexual orientation discrimination and harassment in October of 2020; this was protected activity.

142.    Because Mrs. Stringham complained about the discrimination and/or harassment against her, Carmel placed her on a performance improvement plan, papered her file with sixty (60) artifacts, and terminated her employment on March 28, 2022; this was adverse action by Carmel.

143.    Carmel retaliated against Mrs. Stringham for engaging in protected activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dianna Stringham prays for a judgment in her favor against Defendants Carmel Clay Schools and Board of School Trustees of Carmel Clay Schools, and prays that the following relief be awarded:

(a)    Order Defendant to make whole Mrs. Stringham by providing appropriate back pay and front pay for actual damages with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to Mrs. Stringham's pecuniary losses.

(b)     Order Defendant to make whole Mrs. Stringham by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

(c)     Order Defendant to make whole Mrs. Stringham by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

(d)     Order Defendant to pay Mrs. Stringham punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

(e)     Order Defendant to pay Mrs. Stringham special damages, in amounts to be determined at trial.

(f)     Order Defendant to pay damages to Mrs. Stringham for any and all injuries to her career, in amounts to be determined at trial.

(g)     Award Mrs. Stringham the costs of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper and equitable.

(h)     Grant such further relief as the Court deems necessary and proper in the public interest.

## **RESERVATION OF RIGHTS**

Pursuant to the rules of pleading and practice, Plaintiff Dianna Stringham reserves the right

to assert additional violations of federal and state law.

## **JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jamie A. Maddox*
Sandra L. Blevins, Attorney No. 19646-49
Jamie A. Maddox, Attorney No. 26522-49
Chad H. Holler, Atty. No. 35253-49
*Attorneys for Plaintiff Dianna Stringham*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana  46204
Office:  (317) 687-2222
Fax:  (317) 687-2221
E-mail:  litigation@betzadvocates.com

## <u>VERIFICATION BY DIANNA STRINGHAM</u>

I affirm, under the penalties for perjury, that the factual representations in the foregoing

*Verified Amended Complaint for Damages and Demand for Trial by Jury* are true and correct.


<u>s/ Dianna Stringham</u>
Dianna Stringham

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2022, a copy of the foregoing was served by electronic filing. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.


*/s Jamie A. Maddox*
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail:  litigation@betzadvocates.com

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2022-01401 |

| | Indiana Civil Rights Commission | and EEOC |
|---|---|---|
| | State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Dianna Stringham** | **(317)514-1004** | ▮▮▮▮ |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **4151 Limbaugh Way** | **Westfield, IN 46062** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Carmel Clay Schools** | **201-500** | **(317)844-9961** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **5201 E. Main Street** | **Carmel, IN 46033** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☒ OTHER (Specify)   **Hostile Work Environment**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **4/23/2020**   Latest: **Present**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see the attached.

**EXHIBIT 1**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2/25/2022 _____ Dianna Stringham<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

## AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | 470-2022-01401 |
| ☒ EEOC | |

**Indiana Civil Rights Commission** and EEOC

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Carmel Clay Schools, specifically Carmel High School ("Carmel High") as a Counselor on July 28, 2014. I have performed my job duties exceptionally in my role as Counsel and have received performance evaluation grades of "Effective" and "Highly Effective" on my previous evaluations since my employment began with Carmel High. My current supervisors are Ms. Rachel Cole, the Counseling Director, and Dr. Thomas Harmas, the Carmel High Principal. Ms. Cole and I originally worked in similar roles prior to her promotion to Counseling Director. Since she became my supervisor, Ms. Cole has had numerous negative interactions with me without explanation. She constantly micromanages me, questions my decision making and overall makes snide and curt comments in the workplace and in work emails.

During one workday at Carmel High, I was having a conversation with another counselor, Abby Cartwright, who was dating someone of the same sex. Ms. Cartwright told me that she believed Ms. Cole was targeting her as well for dating someone of the same sex. I am also married to a woman. My co-worker also told me that Ms. Cole told her that dating another individual of the same sex was not a great idea. Ms. Cole also said to Ms. Cartwright, "Can you believe Stringham is married to a woman? That is weird."

After I received this information and the continued negative treatment from Ms. Cole, I filed a Report of Discrimination and/or Harassment with Carmel Clay Schools in October of 2020. In this Report, I reported that I believed I was discriminated against based on my sexual orientation, homosexual, and my race and/or national origin, Hispanic. After I filed this Report, I was placed on a Performance Improvement Plan ("PIP") by Ms. Cole. As part of the PIP, I was required to copy Ms. Cole on all emails, log all emails, write down all phone contacts, make two-week lesson plans, summarize all reprimands I have ever had, observe two (2) other counselors in SST and do a write up summary of my observations, and create a list of at-risk students every day by 4:15 p.m. every Friday. I was also written up for "not being culturally aware." I am the only non-Caucasian to be written up for this. Since the beginning of the 2021-2022 academic year, I have been written up thirty-two (32) times in a sixty (60) day period. I am not aware of any other counselor who is on a PIP and/or has been written up thirty-two (32) times in a sixty (60) day period. I was on FMLA leave because of the emotional stress and anxiety the discrimination, harassment and retaliation has caused me, but I returned to work at Carmel High on January 11, 2022. Since this time, I have been written up an additional 30 times by Ms. Cole. Ms. Cole has also refused to sign paperwork validating my years and work as a Licensed Professional School counselor. I am working on more professional development and adding to my license, Mental Health counselor. I just need validation to the state that I have been active in this role. I also was refused by Dr. Tom Oestreich, assistant superintendent for the same matter. Thereafter, on January 31, 2022, I was placed on paid administrative leave. I was placed on leave after I made additional complaints of discrimination based on my sexual orientation, race and national origin Most recently, on February 4, 2022, I received a Notice of Principal's Preliminary Decision & Statement of Your Conference and Conference/Hearing Rights, cancelling my teaching contract with Carmel High.

I believe that I have been harassed and discriminated against by Carmel Clay Schools because of my sexual orientation, homosexual, and my race and/or national origin, Hispanic, in violation of Title VII. I further believe that I have been retaliated against for complaining about discrimination, in violation of Title VII, and been subject to a hostile work environment, a further Title VII violation.

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Dianna Stringham**<br>**4151 Limbaugh Way**<br>**Westfield, IN 46062** | From:  **Indianapolis District Office**<br>**101 West Ohio St, Suite 1900**<br>**Indianapolis, IN 46204** |

| EEOC Charge No.<br>**470-2022-01401** | EEOC Representative<br>**Andrea Dayharsh,**<br>**Enforcement Supervisor** | Telephone No.<br>**463-999-1127** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Michelle Eisele
08/15/2022

Enclosures(s)

**Michelle Eisele**
**District Director**

cc:  **Steve Stephanoff**
**CARMEL CLAY SCHOOL DISTRICT**
**5201 E. MAIN ST.**
**CARMEL, IN 46033**

**Jamie A Maddox**
**Betz & Blevins**
**211 N. Pennsylvania Street Suite 1660**
**Indianapolis, IN 46204**

**EXHIBIT 2**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*