UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANNA STRINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00817-TWP-MG |
| CARMEL CLAY SCHOOLS, BOARD OF SCHOOL TRUSTEES OF CARMEL CLAY SCHOOLS, | ) |
| Defendants. | ) |

**ORDER**

This Order comes upon Plaintiff's Motion to Maintain Documents under Seal. [Filing No. 69.] For the following reasons, the Court **DENIES** Plaintiff's Motion.

**I.**
**LEGAL STANDARD**

The Seventh Circuit disfavors secrecy in judicial proceedings, as secrecy "makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014); *see also Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("[T]he public cannot monitor judicial performance adequately if the records of judicial proceedings are secret."). Consequently, federal court proceedings are "presumptively open to public scrutiny" and must "be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691-92 (7th Cir. 2016).

A court may, though, permit the sealing of documents if there is good cause to do so—that is, if the movant's privacy interests trump the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Jessup,* 277 F.3d at 928 ("When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed."). A party requesting that a document be sealed must justify its claim of secrecy. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002).

## II.
### ANALYSIS

Plaintiff seeks to maintain certain exhibits to Plaintiff's Designation of Evidence in Opposition to Defendants' Motion for Summary Judgment under seal. Specifically, Plaintiff has identified Exhibits 17, 103-A, 104-A, 105-A, 106-A, and 108-A as containing information that was designated confidential by Defendant in the parties' Protective Order. [Filing No. 69.] Each of these exhibits contains information regarding various students or personnel at Carmel Clay Schools.

Although they initially failed to comply with L.R. 5-11(d)(3), Defendants have filed a Statement Authorizing Unsealing of Documents. [Filing No. 74.] Defendants explain that while the identified exhibits contain information Defendants designated as confidential, Defendants did not intend or request for all confidential information to be sealed. Moreover, Defendant explains why Exhibits 103-A, 104-A, 105-A, 106-A, and 108-A can be unsealed.[1] As to Exhibit 17, Defendant attached a version redacting identifying personnel information. Because the

---

[1] Exhibit 103-A does not contain information identifying students. The employees mentioned in Exhibits 104-A, 105-A, 106-A, and 107-A have been otherwise identified or discussed in previous filings and Exhibit 107-A also contains no information identifying students. The Court appreciates the parties' caution and attention to detail in their respective briefing on this issue.

confidential information is irrelevant or immaterial to the proceedings, Plaintiff is directed to file Defendants' redacted version of Exhibit 17 within fourteen (14) days of this Order.  However, the Defendant is ordered to provide Plaintiff with an unredacted version of Exhibit 17 within fourteen (14) days of this Order in accordance with L.R. 5-11(c)(2).

## II.
### CONCLUSION

Plaintiff's motion is **DENIED**. The Clerk of Court is **DIRECTED** to unseal Exhibits 103-A, 104-A, 105-A, 106-A, and 108-A, [Filing Nos. 64, 65, 66, 67, and 68], and to strike Exhibit 17, [Filing No. 63]. Plaintiff is **DIRECTED** to file Defendants' redacted version of Exhibit 17, [74-1], within fourteen (14) days of this Order.

Date: 11/17/2023

                                            Mario Garcia
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:
To ECF Counsel of Record